Carl E. Anderson vs. American Automobile Insurance Co. } Eq. No. 9207.

January 11, 1929.

TANNER, P. J. This is a bill in equity brought against an insurance

company, alleging that the complainant was severely injured by an automobile owned by one Miller but driven by one Wilcox with the consent of the owner; that the complainant brought an action at law against the said Wilcox and recovered a judgment for $50,000, after which said Wilcox went into bankruptcy and the complainant has been unable to collect any part of said judgment; that said Miller at the time of said accident was insured by the respondent company and that the policy of insurance is so extended as to be available to the same extent as it is available to said Miller to any person operating said automobile with the consent of said Miller; that the complainant has not seen said policy or been able to get a copy thereof.

The bill prays for discovery of the insurance policy and asks for relief against said respondent by reason of said judgment and policy. The bill is not sworn to and is therefore not a bill of discovery.

The complainant now seeks to sustain said bill upon the ground that the statute creates a new right without specifying the remedy and that, therefore, under the authorities he is entitled to adopt any adequate remedy he chooses. Even if this were so and the complainant could bring a bill in equity in the first instance, it would seem to us that such a bill would be demurrable, as any bill in equity would be, upon the ground that an adequate remedy at law existed. Such adequate remedy at law does exist under the provisions of Sec. 7, Chapter 258 of the General Laws of 1923. Said section specifically provides that the party entitled to sue, after having obtained judgment against the insured alone, may proceed upon said judgment in a separate action against said insurer.

Under the provisions of Sec. 50, Chapter 342, General Laws of 1923, the complainant could require the production of the policy at any time after bringing suit, even before the trial of the case.

It seems to us clear, however, that the statute does provide a remedy by an action at law upon the judgment against said Wilcox. The complainant in his bill is specifically asking to have said judgment enforced against the insurance company and bases his right so to do upon the allegation that the said Wilcox was operating said machine at the time of the accident with the permission of said Miller, the person named in the policy as the insured, and that by the provisions of the policy the said Wilcox under the circumstances, although not named in the policy, was insured to the same extent to which said Miller was insured. It seems to follow logically that Wilcox was insured under said policy and that the insurance company is liable in an action at law for said judgment against Wilcox.

It seems to us that an action upon a judgment at law, which under the circumstances of the statute could perfectly well be an action at law, should naturally be construed to mean an action at law.

The demurrer is therefore sustained.

For complainant: William A. Gunning.

For respondent: Curran, Hart, Gainer & Carr.